# EDWARD J. PETERS v. CANNON RIVER ELECTRIC POWER COMPANY.[1]

February 11, 1910.

Nos. 16,334—(99).

**Promissory Note Marked "Paid" — Recovery Permitted.**

Defendant owed plaintiff $3,200, with interest, and held a note therefor as security for indebtedness by plaintiff to defendant for $789.12, with interest. Defendant induced plaintiff to mark the note paid in full and to allow defendant to retain the same, upon the understanding that an accounting and settlement should be had, and that defendant should turn over the balance found to be due. No settlement was made. No money was paid. It is *held*, that plaintiff is entitled to recover the balance due.

[1] Reported in 124 N. W. 826.

Action in the district court for Goodhue county to recover $3,200 on a promissory note. In its answer defendant set up that its treasurer received the note as security for plaintiff's debt to it, as stated in the opinion, that the note was in defendant's possession, and interposed a counterclaim for $12,000. The reply alleged that plaintiff having delivered his report to defendant, the note was returned to plaintiff. The case was submitted to a referee who made findings and found in favor of plaintiff for $3,200 and interest, less the sum of $789.12 and interest. From an order, Williston, J., denying defendant's motion for a new trial, it appealed. Affirmed.

*Mohn & Mohn,* for appellant.

*T. R. Johnson* and *F. M. Wilson,* for respondent.

JAGGARD, J.

This action was brought to recover on an overdue promissory note made by defendant to plaintiff in November, 1903, for $3,200, and on another cause of action not here in issue. The note was given to represent a portion of the purchase price of an electrical plant. Plaintiff, to induce the defendant to purchase the plant and as part consideration, agreed to take charge of and manage the same for defendant between October 1, 1903, and April 1, 1905. During this time he acted as manager in charge, among other things, of the finances and affairs. He applied to his own use, and never paid, a sum of defendant's money. In April, 1905, plaintiff turned the note over to the treasurer of the company, to be held until plaintiff had made a satisfactory report to and settlement with the company of all his affairs during the time he was manager. He furnished a statement to the defendant, who refused to accept it as correct. Plaintiff afterwards consented that the note be marked "Paid in full" and retained by defendant, with the distinct understanding that an account and settlement between the parties be had, and that defendant should turn over the balance found to be due. It was not plaintiff's intention to surrender the note, or that same should be canceled. No part of the note has been paid. The amount plaintiff owed the defendant was $789.12, with interest from April 26, 1905. These facts were found by the referee, who gave plaintiff judgment for

the principal and five per cent. interest specified in the note, less this sum, with interest. Defendant appeals from the order denying its motion for a new trial.

The gist of appellant's argument is that "the pledgee is the real party in interest and that the pledgor cannot maintain an action on the collateral so long as the debt secured thereby remained unpaid." That principle is certain enough as applied to appropriate conditions, but not to this case. The situation was simply this: The defendant owed the plaintiff on his note $3,200, with interest; the plaintiff owed defendant $789.12, with interest; the note was in the possession of the defendant as security; both parties were entitled to their money. Plaintiff is entirely within his rights when he insists upon payment of the balance. The court properly ordered judgment for that sum. It is not consistent with this view for defendant to urge that there was no note in existence, and therefore no pledge. Defendant was not, however, restricted by the old common-law rule as to inconsistency of defenses. If this defense was valid, he could prevail. But we are clear that the defense was futile. The situation might be viewed as substantially the same as if the debtor induced a creditor to sign a receipt on condition of payment and then refused to pay. The receipt would fail. That in the case at bar the receipt was written on the back of the note does not alter the legal aspects of the case.

Examination of the record has satisfied us that the record justified the trial court in finding that there was no intention to cancel the note. However this may be, the plaintiff was clearly entitled on all the facts to the amount actually due him from the defendant. It was overdue. It had not been paid. If the note be regarded as canceled, the consideration for the cancelation had not been paid. The plaintiff would be entitled to recover that amount in this case. It is true that the action was in form upon a promissory note. The answer, however, set up conditions as hereinbefore stated, and the reply completed the issues as herein set forth. The resulting action, if the note be regarded as canceled, was in the nature of an action for money had and received. The defendant had been unjustly enriched at plaintiff's expense, and was bound to reimburse plaintiff to that extent. The mere defect of form in the action under code pleading

would not be material. The only difference would be that plaintiff would be entitled to a small increase in rate of interest.

Affirmed.